United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41335
Summary Calendar

STEVEN GILBERT,

Plaintiff-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; UNIDENTIFIED STACKS, Warden;
NANCY HICKS, Correctional Officer 5,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-167
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Steven Gilbert, Texas prisoner # 423646, appeals from a jury verdict in favor of the defendant Nancy Hicks in his 42 U.S.C. § 1983 civil rights complaint. Gilbert argues that the trial court abused its discretion in denying his motion for new trial based upon newly discovered evidence, in denying his request for appointment of counsel at trial, and in excluding witness testimony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gilbert has filed a motion for remand to the district court for the taking of additional testimony. This motion is DENIED.

Gilbert argues that the trial court abused its discretion in failing to grant a motion for new trial. He contends that testimony from corrections Officer Phillips would reveal that Hicks committed perjury at trial.

"To prevail on a Rule 59(a) claim based on newly discovered evidence, the movant must have been excusably ignorant of the facts at the time of the trial despite due diligence to learn about them." Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc., 62 F.3d 767, 775 (5th Cir. 1995). This court reviews the denial of a motion for a new trial for abuse of discretion. Lincoln v. Case, 340 F.3d 283, 290 (5th Cir. 2003).

The record reflects through the testimony of Hicks that Gilbert was aware of the existence of Officer Phillips. Hicks testified that she directed Officer Phillips to conduct a strip search of Gilbert. Accordingly, this evidence is not newly discovered after trial and Gilbert had the opportunity to request Officer Phillips to testify. The trial court did not abuse its discretion in denying Gilbert's motion for new trial. See Lincoln, 340 F.3d at 290.

Gilbert next argues that the trial court abused its discretion in denying his two requests for appointment of trial counsel. A district court's decision regarding appointment of

counsel will be overturned only if a clear abuse of discretion is shown.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

The record indicates that Gilbert was able to file a cogent petition, that he was able to effectively argue his case at trial, that the issues were not complex, and that the trial court assisted him in the procedural aspects of the trial.  Because Gilbert's claim of a civil rights violation did not present exceptional circumstances warranting appointment of counsel, the trial court did not abuse its discretion by denying his motion for appointment of counsel.  See Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989).

Finally, Gilbert argues that the trial court abused its discretion in excluding the testimony of another inmate who had filed a grievance against Hicks for similar conduct.  The record reflects that Gilbert questioned Hicks about the grievance and introduced the inmate's affidavit at trial.  Hicks recalled the grievance but denied any wrongdoing.  Any error was thus harmless.  See United States v. Ragsdale, 426 F.3d 765, 774-75 (5th Cir. 2005), cert. denied, 126 S. Ct. 1405 (2006).  Accordingly, the judgment of the district court is AFFIRMED.